UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
                                   :

In re:                          :        Chapter 15 Case
                                     :

FAIRFIELD SENTRY LIMITED, *et al.*,   :        Case No. 10-13164 (SMB)
                                   :

       Debtors in Foreign Proceedings.   :        Jointly Administered
---------------------------------------------------------X
FAIRFIELD SENTRY LIMITED         :
(IN LIQUIDATION), acting by and through the :        Adv. Proc. No. 10-03496 (SMB)
Foreign Representatives thereof,        :
                                   :        Administratively Consolidated

                 Plaintiffs,        :
                                   :

                 -against-        :
                                   :

THEODOOR GGC AMSTERDAM, *et al.*,   :
                                   :

                 Defendants.     :
---------------------------------------------------------X
FAIRFIELD SENTRY LIMITED         :
(IN LIQUIDATION), acting by and through the :        Adv. Proc. No. 10-03516 (SMB)
Foreign Representatives thereof,        :
                                   :

                 Plaintiffs,        :
                                   :

                 -against-        :
                                   :

MERRILL LYNCH, PIERCE, FENNER     :
& SMITH, INC., *et al.*,             :
                                   :

                 Defendants.     :
---------------------------------------------------------X
FAIRFIELD SENTRY LIMITED         :
(IN LIQUIDATION), acting by and through the :        Adv. Proc. No. 10-03628 (SMB)
Foreign Representatives thereof,        :
                                   :

                 Plaintiffs,        :
                                   :

                 -against-        :
                                   :

ROBINSON & CO, *et al.*,           :
                                   :

                 Defendants.     :
---------------------------------------------------------X

```
-----------------------------------------------------X
FAIRFIELD SENTRY LIMITED                         :
(IN LIQUIDATION), acting by and through the      :    Adv. Proc. No. 10-03640 (SMB)
Foreign Representatives thereof,                 :
                                                 :
                    Plaintiffs,                  :
                                                 :
                 -against-                       :
                                                 :
CITIBANK (SWITZERLAND) AG, et al.,               :
                                                 :
                    Defendants.                  :
-----------------------------------------------------X
FAIRFIELD SENTRY LIMITED                         :
(IN LIQUIDATION), acting by and through the      :    Adv. Proc. No. 10-03776 (SMB)
Foreign Representatives thereof,                 :
                                                 :
                    Plaintiffs,                  :
                                                 :
                 -against-                       :
                                                 :
FORTIS (ISLE OF MAN) RETAINED                    :
NOMINEES LIMITED, et al.,                        :
                                                 :
                    Defendants.                  :
-----------------------------------------------------X
FAIRFIELD SENTRY LIMITED                         :
(IN LIQUIDATION), acting by and through the      :    Adv. Proc. No. 10-03788 (SMB)
Foreign Representatives thereof,                 :
                                                 :
                    Plaintiffs,                  :
                                                 :
                 -against-                       :
                                                 :
MERRILL LYNCH BANK (SUISSE)                      :
S.A., et al.,                                    :
                                                 :
                    Defendants.                  :
-----------------------------------------------------X
```

```
--------------------------------------------------------X
FAIRFIELD SENTRY LIMITED                            :
(IN LIQUIDATION), acting by and through the :           Adv. Proc. No. 10-04095 (SMB)
Foreign Representatives thereof,                    :
                                                    :
              Plaintiffs,                           :
                                                    :
           -against-                                :
                                                    :
UBS FUND SERVICES (CAYMAN)                           :
LTD., et al.,                                        :
                                                    :
              Defendants.                           :
--------------------------------------------------------X
FAIRFIELD SENTRY LIMITED                            :
(IN LIQUIDATION), acting by and through the :           Adv. Proc. No. 11-01242 (SMB)
Foreign Representatives thereof,                    :
                                                    :
              Plaintiffs,                           :
                                                    :
           -against-                                :
                                                    :
FS/FORTIS BANQUE LUXEMBOURG, et al.,   :
                                                    :
              Defendants.                           :
--------------------------------------------------------X
FAIRFIELD SENTRY LIMITED                            :
(IN LIQUIDATION), acting by and through the :           Adv. Proc. No. 11-01258 (SMB)
Foreign Representatives thereof,                    :
                                                    :
              Plaintiffs,                           :
                                                    :
           -against-                                :
                                                    :
UBS FUND SERVICES (IRELAND)                          :
LTD., et al.,                                        :
                                                    :
              Defendants.                           :
--------------------------------------------------------X
```

```
------------------------------------------------------X
FAIRFIELD SENTRY LIMITED                            :
(IN LIQUIDATION), acting by and through the :          Adv. Proc. No. 11-01614 (SMB)
Foreign Representatives thereof,                     :
                                                     :
              Plaintiffs,                            :
                                                     :
            -against-                                :
                                                     :
FORTIS BANK NEDERLAND NV, et al.,                    :
                                                     :
              Defendants.                            :
------------------------------------------------------X
FAIRFIELD SENTRY LIMITED                            :
(IN LIQUIDATION), acting by and through the :          Adv. Proc. No. 11-02422 (SMB)
Foreign Representatives thereof,                     :
                                                     :
              Plaintiffs,                            :
                                                     :
            -against-                                :
                                                     :
FORTIS GLOBAL CUSTODY SERVICES                       :
N.V., et al.,                                        :
                                                     :
              Defendants.                            :
------------------------------------------------------X
FAIRFIELD SENTRY LIMITED                            :
(IN LIQUIDATION), acting by and through the :          Adv. Proc. No. 12-01556 (SMB)
Foreign Representatives thereof,                     :
                                                     :
              Plaintiffs,                            :
                                                     :
            -against-                                :
                                                     :
SOMERS NOMINEES (FAR EAST)                           :
LTD., et al.,                                        :
                                                     :
              Defendants.                            :
------------------------------------------------------X
```

```
------------------------------------------------------X
FAIRFIELD SENTRY LIMITED                          :
(IN LIQUIDATION), acting by and through the :          Adv. Proc. No. 12-01568 (SMB)
Foreign Representatives thereof,                  :
                                                  :
                            Plaintiffs,           :
                                                  :
        -against-                                 :
                                                  :
FORTIS GLOBAL SERVICES NV, et al.,                :
                                                  :
                            Defendants.           :
------------------------------------------------------X
```

## MEMORANDUM DECISION DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE FURTHER PROPOSED AMENDED COMPLAINTS IN CERTAIN ACTIONS

**A P P E A R A N C E S:**

SELENDY & GAY PLLC
1290 Avenue of the Americas
New York, NY 10414

> David Elsberg, Esq.
> Lena Konanova, Esq.
> > Of Counsel

BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036

> David J. Molton, Esq.
> Marek P. Krzyzowski, Esq.
> > Of Counsel

*Attorneys for Plaintiffs*

FRIEDMAN KAPLAN SEILER & ADELMAN LLP
7 Times Square
New York, NY 10038

> Bruce S. Kaplan, Esq.
> Jeffrey C. Fourmaux, Esq.
> > Of Counsel

*Attorneys for Defendants*[1]

---

[1]    The listed attorneys for the Defendants submitted the *Defendants' Memorandum of Law on the Constructive Trust Bar Issue* ("*Defendants' Memorandum*"), dated Mar. 10, 2020 (ECF Doc. # 3024); additional defense counsel are set forth in Appendix A to the *Defendants' Memorandum*.  Unless

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge**

Plaintiffs Kenneth M. Krys and Greig Mitchell (together, the "Liquidators"),[2] in their capacities as foreign representatives of Fairfield Sentry Limited ("Sentry"), Fairfield Sigma Limited ("Sigma"), and Fairfield Lambda Limited ("Lambda," and collectively with Sentry and Sigma, the "Funds") seek leave to amend constructive trust claims in several adversary proceedings identified in Exhibit A to the *Declaration of David Elsberg in Support of Plaintiffs' Response Memorandum of Law on the Constructive Trust Jurisdictional Issue,* dated Mar. 24, 2020 ("*Elsberg Declaration*") (ECF Doc. # 3015), including against the Defendants in the above-captioned twelve adversary proceedings ("Twelve Actions"). (*Motion for Leave to File the Further Proposed Amended Complaints in the Knowledge Actions* ("*Motion*"), dated Jan. 15, 2020 (ECF Doc. # 2873).) By prior stipulated judgments, however, the Court dismissed the constructive trust claims with prejudice in the Twelve Actions, the Court certified the dismissed claims for immediate appeal, the Liquidators subsequently appealed the dismissals, *inter alia*, of the constructive trust claims and those appeals are pending before the District Court. The Liquidators now want to amend their complaints to assert the same constructive trust claims under a different factual theory.

---

otherwise specified, references to docket entries are to documents filed on the electronic docket of the consolidated proceeding, *Fairfield Sentry Limited* (*In Liquidation*) *v. Theodoor GGC Amsterdam*, Adv. Proc. No. 10-03496 (SMB).

[2]     Different individuals have served as Liquidators of the Funds at different times. When used in this memorandum decision, the term refers to the individuals serving in that position at the relevant time.

The Defendants oppose the *Motion*.[3]  (*See Defendants' Memorandum; see also Defendants' Reply Memorandum of Law on the Constructive Trust Bar Issue* ("*Defendants' Reply*"), dated Mar. 31, 2020 (ECF Doc. # 3023).)  They contend, in the main, that the Court has been divested of jurisdiction over the Twelve Actions due to the pending appeal and cannot grant the *Motion*.  They further argue that the Court should not vacate the underlying judgments dismissing the claims with prejudice or issue an indicative ruling.  I agree and deny the *Motion*.

## BACKGROUND

The background to these adversary proceedings is discussed at length in the Court's prior decision, *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam* (*In re Fairfield Sentry Ltd.*), 596 B.R. 275 (Bankr. S.D.N.Y. 2018) ("*Fairfield*").  The Court assumes familiarity with *Fairfield* and limits the discussion to the facts pertinent to the instant dispute.

### A.    The Funds' Investments With BLMIS

The Funds were organized under the laws of the British Virgin Islands ("BVI").  Sentry sold shares to foreign investors and invested 95% of the proceeds with Bernard L. Madoff Investment Securities LLC ("BLMIS").  Sigma and Lambda were "funds of funds;" they sold shares to investors and invested those proceeds with Sentry, which, in turn, invested those funds with BLMIS.  Hence, the Funds invested virtually all of their assets directly or indirectly with BLMIS.

---

[3]    Unless otherwise indicated, subsequent references to the "*Motion*" are limited to the Twelve Actions.

The Funds' investors could redeem their shares based on the net asset value ("NAV") per share.  The directors of each Fund determined the NAV per share by dividing the value of the Fund's net assets by the number of outstanding shares.  Thus, the NAV depended on the value of Sentry's investment with BLMIS.  The Funds delegated the duty of computing the NAV to Citco Fund Services (Europe) BV ("Citco").  Prior to December 2008, the directors, through Citco, certified the NAV for each subscription and redemption calculated on the assumption that Sentry's investment with BLMIS had substantial value.

In December 2008, Madoff admitted to operating the investment advisory business of BLMIS as a Ponzi scheme and BLMIS was placed in liquidation pursuant to section 78eee of the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*, ("SIPA").  The Funds ceased making redemption payments after Madoff's arrest.  Shortly after the collapse of BLMIS, certain of the Funds' creditors and shareholders commenced insolvency proceedings against the Funds in the Commercial Division of the Eastern Caribbean High Court of Justice, British Virgin Island ("BVI Court").  The BVI Court appointed the Liquidators, who commenced ancillary proceedings in this Court under chapter 15 of the Bankruptcy Code to obtain recognition of the BVI liquidation proceedings as "foreign main proceedings."  The Court granted the Liquidators' recognition applications on July 22, 2010.

**B.     U.S. Redeemer Actions**

In hindsight, the Funds had overpaid earlier redemptions (and received inflated subscription payments) based on the erroneous valuation of their BLMIS investments.  The Liquidators commenced approximately 300 adversary proceedings to recover the

inflated redemption payments from the Funds' investors ("Redeemers") under BVI law. Their claims fell into three categories: (i) common law claims, including claims to impose a constructive trust on the redemption payments received by the Redeemers ("Common Law Claims"); (ii) breach of contract and breach of the implied covenant of good faith and fair dealing claims ("Contract Claims"); and (iii) avoidance claims under sections 245 and 246 of the BVI Insolvency Act of 2003 ("BVI Avoidance Claims").

In October 2016, the Liquidators sought leave to amend their complaints in the U.S. Redeemer Actions. The Redeemers opposed the proposed amendments and sought dismissal of the extant complaints on various grounds. In *Fairfield*, the Court granted the Liquidators' motion to amend the BVI Avoidance Claims but denied the Liquidators' motion to amend and granted the Redeemers' motion to dismiss the Contract and Common Law Claims except

> to the extent the pleading or proposed amendment adequately alleges that a particular Defendant knew that the [NAV] as calculated at the time of the redemption payment was mistaken because the Funds' investments with [BLMIS] were worthless or nearly worthless. In that situation, the Liquidators may assert a claim to impose a constructive trust on the Defendant.

*Id.* at 282. The Court characterized such defendants as "Knowledge Defendants." *Id.* at 295. In reaching its conclusion, the Court rejected the Liquidators' argument that Citco's knowledge or bad faith could support a constructive trust claim. *Id.* at 300-01.

## C.    The Stipulated Judgments and Subsequent Appeals

*Fairfield* resolved several omnibus issues but did not address the sufficiency of the knowledge allegations in any particular proposed amended complaint. Instead, the Court left it up to the parties in the first instance to craft appropriate orders reflecting the disposition of the claims in each adversary proceeding. *See Fairfield*, 596 B.R. at

316 ("The Liquidators are directed to settle or submit a consensual order consistent with this decision in each adversary proceeding.")

The orders were eventually resolved consensually.  Following the decision in *Fairfield*, the Redeemers and Liquidators entered into stipulations that were "so ordered" by the Court between April 2 and 17, 2019, and became the judgments in each adversary proceeding ("Stipulated Judgments").  Certain of the Stipulated Judgments included provisions that granted the motion to dismiss the Common Law Claims except for the constructive trust claim and granted the Liquidators' motion to amend the complaint to bolster the constructive trust allegations against the Knowledge Defendant. For example, the relevant decretal paragraphs in the Judgment entered in *Fairfield Sigma Limited (In Liquidation) v. HSBC Private Bank Suisse SA* (*In re Fairfield Sentry Limited*), Adv. Pro. No. 10-03633 ("HSBC Judgment") (ECF Doc. # 81) provided:

> The Motions to Dismiss are (i) **GRANTED** as to the Dismissed Claims, and the Dismissed Claims are **DISMISSED** as to all Moving Defendants, with prejudice; and (ii) **DENIED** as to the Seventh Claim [the constructive trust claim] and the BVI Avoidance Claims, without prejudice to the filing of further motions to dismiss, subject to the limitations in Paragraph II(A) of this Order.

> The Motion for Leave is (i) **DENIED** as to the Proposed First Claim, Proposed Second Claim, Proposed Third Claim, Proposed Fourth Claim, Proposed Fifth Claim, Proposed Sixth Claim, the Proposed Contract Law Claims, and the Proposed Sixteenth Claim, with prejudice; and (ii) **GRANTED** to permit Plaintiffs leave to amend to assert only (1) constructive trust claims against Knowledge Defendants . . . .

(HSBC Judgment, ¶¶ I.A, I.B.)  In addition, the Stipulated Judgment granted the Redeemers' request to certify the Stipulated Judgment for immediate appeal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  (HSBC Judgment, ¶ I.F ("Moving Defendants' request that the Bankruptcy Court enter a final judgment as to the

Dismissed Claims under Rule 54(b) of the Federal Rules of Civil Procedure, made

applicable in this proceeding by Bankruptcy Rule 7054, is **GRANTED**.")

The Stipulated Judgments in the Twelve Actions differed from the HSBC

Judgment in one important respect. The Stipulated Judgment entered in in *Fairfield*

*Sentry Ltd. v. Citibank* (*Switzerland*) *AG (In re Fairfield Sentry Limited)*, Adv. Pro. No.

10-3640 (SMB) (Bankr. S.D.N.Y.) ("*Fairfield v. Citibank*") (Adv. Pro. No. 10-3640, ECF

Doc. # 63), is typical. It provides, *inter alia*, for the dismissal with prejudice of *all* of the

Common Law Claims and the denial of the Liquidators' motion to amend the Common

Law Claims, including the constructive trust claim:

> The Motions to Dismiss are (i) **GRANTED** as to the Common Law Claims,
> and the Common Law Claims are **DISMISSED** as to all Defendants, with
> prejudice; . . . .
>
> The Motion for Leave is (i) **DENIED** as to the Proposed Common Law
> Claims, Proposed Contract Law Claims, and the Proposed Sixteenth Claim,
> with prejudice and (ii) **GRANTED** to permit Plaintiffs leave to amend to
> assert the Proposed BVI Avoidance Claims, to the extent consistent with
> the [*Fairfield*] . . . .

(*Stipulated Order Granting in Part and Denying in Part Moving Defendants' Motions*

*to Dismiss and Plaintiffs' Motion for Leave to Amend* filed Apr. 3, 2019 ("Citibank

Judgment") ¶¶ I.A, I.B.) Finally, these Stipulated Judgments included the same Rule

54(b) certification as the HSBC Judgment. (Citibank Judgment, ¶ I.F.)

The Liquidators filed 238 appeals which were consolidated by the District Court

into one appeal. (*See Order* dated Aug. 20, 2019, *Fairfield Sentry Ltd. v. Citibank NA*

*London*, (S.D.N.Y. 2019) (No. 19-cv-3911 (VSB), ECF Doc. # 6).) The notices of appeal

in the Twelve Actions stated in relevant part that the Liquidators, as plaintiff-appellants,

appeal from "[e]ach and every part of that portion of the [Judgment] . . . that constitutes

a final judgment." (*See, e.g.*, *Notice of Appeal* filed May 2, 2019 ("Citibank Notice of Appeal"), at Part 2, ¶ 1, in *Fairfield v. Citibank* (Adv. Pro. No. 10-3640, ECF Doc. # 64).)

## D.    Subsequent Proceedings

Between June 26, 2019 and January 10, 2020, the Liquidators filed amended complaints, including in the Twelve Actions.  Consistent with the Stipulated Judgments, the amended complaints in the Twelve Actions were limited to the BVI Avoidance Claims.[4]  The Redeemers renewed their motions to dismiss the amended complaints limited to two omnibus issues.  (*See Consolidated Memorandum of Law in Support of Defendants' Renewed Motion to Dismiss Pursuant to 11 U.S.C. §§ 561(d), 546(e), and 546(g) and for Insufficient Service of Process Under the Hague Service Convention* ("Motion to Dismiss"), dated Mar. 16, 2020 (ECF Doc. # 2903).)

On January 15, 2020, the Liquidators filed the *Motion* seeking to further amend the complaints in several U.S. Redeemer Actions to: (i) supplement existing knowledge allegations against certain Knowledge Defendants in seventeen of the actions ("Seventeen Actions")[5] and (ii) assert constructive trust claims based on new knowledge allegations against the Defendants in the Twelve Actions ("New Constructive Trust Claims").  During a status conference, the Defendants opposed the *Motion* on the ground that this Court was divested of jurisdiction based on the pending appeals.  The Court granted the Defendants the opportunity to brief the issue, established a briefing

---

[4]     *See, e.g.*, *Third Amended Complaint*, dated June 28, 2020 filed in *Fairfield v. Citibank* (Adv. Pro. No. 10-3640, ECF Doc. # 68.)

[5]     The Liquidators refer to a total of twenty-nine adversary proceedings covered by the *Motion* but the *Elsberg Declaration*, Ex. A, lists only twenty, *i.e.*, the Twelve Actions and eight others.

schedule and the parties filed the Defendants' Memoranda, the *Plaintiffs' Response Memorandum of Law on the Constructive Trust Jurisdictional Issue* ("*Opposition*"), dated Mar. 24, 2020 (ECF Doc. # 3016), and the *Defendants' Reply*.

## E.    The Parties' Contentions

The Defendants primarily argue that the *Motion* should be denied because the Court is divested of jurisdiction pursuant to well established Second Circuit precedent preventing a court from ruling on a motion that involves aspects of a pending appeal. (*See Defendants' Memorandum* at 9-13; *Defendants' Reply* at 1-5.) Furthermore, the Court should not issue an indicative ruling pursuant to Bankruptcy Rule 8008 asking the appellate court to remand so that the Court can grant the *Motion* or, if necessary, vacate the Stipulated Judgments under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)") because the Liquidators are not entitled to that relief. (*See Defendants' Memorandum* at 14-17; *Defendants' Reply* at 6-10.)

The Liquidators dispute that the Court is divested of jurisdiction. (*See Opposition* at 8-11.) They argue that the New Constructive Trust Claims that are the subject of the *Motion* are distinct from and unrelated to the dismissed constructive trust claims currently on appeal. (*See id.*) Specifically, the old claims alleged Citco's knowledge of the inflated redemption prices while the new claims allege the Defendants' knowledge. (*See id.* at 9-11.) However, if the Court concludes that it is divested of jurisdiction, the Liquidators ask the Court to defer consideration of the *Motion* until it is heard in the other adversary proceedings, or alternatively, issue an indicative ruling asking the appellate court to remand so that the Court can grant them relief from the

Stipulated Judgments based on their excusable neglect and grant the *Motion* allowing them to assert the New Constructive Trust Claims. (*See id.* at 11-20.)

## DISCUSSION

### A.  Divestiture of Jurisdiction

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  There are two exceptions.  First, an immediate appeal from an interlocutory order that either grants or denies a preliminary injunction does not prevent the lower court from proceeding to hear the merits.  Second, "the filing of a notice of appeal only divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal." *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989).  According to the Liquidators, the New Constructive Trust Claims are different claims that do not implicate the issues relating to the dismissal with prejudice of the constructive trust claims.

As illustrated by *Nemaizer v. Baker*, 793 F.2d 58 (2d Cir. 1986), the threshold issue is whether *res judicata* would bar the amended claim; if it would, the plaintiff must first seek to vacate the judgment of dismissal.  In *Nemaizer*, the plaintiff, a union officer, sued the defendant, an officer of a bankrupt corporation, under state law to recover employee benefit trust fund contributions due under a collective bargaining agreement.  The defendant removed the action to federal district court and moved to dismiss, arguing that the state law claims were preempted by ERISA which did not impose liability on a non-signatory to a collective bargaining agreement.  While the

motion was pending, the New York State Court of Appeals ruled that state law did not provide a cause of action to recover unpaid contributions against a person like the defendant. As a consequence, the parties entered into a stipulation dismissing the action "with prejudice," and the stipulation was "so ordered" by the District Court. *Id.* at 60.

Six months later, the plaintiff (and another) brought an action in federal court seeking to hold the same defendant liable for the unpaid contributions under ERISA. *Id.* The District Court Judge assigned to the new action informed the parties that he would dismiss the new action on *res judicata* grounds unless the first judge vacated the stipulation and order dismissing the first action with prejudice. The first judge subsequently vacated the stipulation and order, and the defendant appealed. *Id.*

The Second Circuit began by explaining that a dismissal with prejudice has the effect of a final adjudication on the merits for *res judicata* purposes and its preclusive effect extends to all relevant issues that could have been but were not raised in the action. *Id.* at 60-61. An agreement to dismiss with prejudice is an adjudication of all matters contemplated by the agreement. The plaintiff's complaint relied on the same operative facts as the basis of the ERISA claim, the defendant raised the ERISA claim in the first action and *res judicata* principles precluded the plaintiff from raising in the later action the claims that would have been decided had the first action been fully litigated. *Id.* at 61. Accordingly, the plaintiff had to set aside part of the initial judgment under Rule 60(b). *Id.*

Thus, the threshold question is whether *res judicata* bars the New Constructive

Trust Claims.  Federal law determines the preclusive effect of a federal judgment,

*Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002); *PRC Harris, Inc.*

*v. Boeing Co.,* 700 F.2d 894, 896 n. 1 (2d Cir. 1983), but there is no "discernable

difference between federal and New York law concerning res judicata and collateral

estoppel."  *Marvel Characters*, 310 F.3d at 286; *Pike v. Freeman,* 266 F.3d 78, 90 n. 14

(2d Cir. 2001).  Both New York and federal law follow the transactional approach to *res*

*judicata*, *Heath v. Warner Commc'ns, Inc.*, 891 F. Supp. 167, 172 (S.D.N.Y. 1995), under

which "a final judgment on the merits of an action precludes the parties or their privies

from relitigating claims that were or could have been raised in that action."  *Marvel*

*Characters*, 310 F.3d at 286-87 (citing *See Allen v. McCurry,* 449 U.S. 90, 94 (1980));

*accord Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997) (citing *Federated*

*Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981).

"It is clear that a dismissal, with prejudice, arising out of a settlement agreement

operates as a final judgment for res judicata purposes."  *Marvel Characters*, 310 F.3d at

287 (citing *Nemaizer v. Baker,* 793 F.2d at 60–61); *accord Chase Manhattan Bank,*

*N.A. v. Celotex Corp.*, 56 F.3d 343, 345 (2d Cir. 1995) (A voluntary dismissal with

prejudice is an adjudication on the merits for purposes of *res judicata*) (citing *Nemaizer*

*v. Baker,* 793 F.2d at 60).  In addition, the parties are the same.  The Liquidators

strenuously argue, however, that the New Constructive Trust Claims and the dismissed

constructive trust claims are not the same.

Whether claims are the same for *res judicata* purposes turns on "whether the

underlying facts are 'related in time, space, origin, or motivation, whether they form a

convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations. . . .'" *Waldman v. Vill. Of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982)).  The New Constructive Trust Claims arise from the same transaction as the dismissed claims.[6]  They involve the same redemption payments, the same allegation of inflated NAVs, the same legal basis under BVI common law and seek the same relief as the dismissed claims.  The only difference is the knowledge element of the claim.  The dismissed constructive trust claims alleged Citco's knowledge of the inflated NAVs; the New Constructive Trust Claims allege the Redeemers' knowledge.  However, "[w]hen alternative theories are available to recover what is essentially the same relief for harm arising out of the same or related facts such as would constitute a single 'factual grouping,' the circumstance that the theories involve materially different elements of proof will not justify presenting the claim by two different actions." *O'Brien v. City of Syracuse*, 429 N.E.2d 1158, 1160 (N.Y. 1981) (citation & fn. omitted) (applying New York law).

The Liquidators nonetheless point to following language in the Stipulated Judgments that, they argue, specifically contemplated that they could seek leave to amend to file the New Constructive Trust Claims:

> Plaintiffs shall file the Proposed Amended Complaint, which shall remove the Proposed Common Law Claims, Proposed Contract Law Claims, and the Proposed Sixteenth Claim. ***To the extent Plaintiffs seek to further amend the Proposed Amended Complaint to add new factual allegations***, Plaintiffs shall file a motion for leave to amend attaching the proffered further amended complaint. The Moving Defendants shall have the right to oppose any such request . . . .

---

[6]    If they were not the same claims, that is, if they did not arise out of the same "conduct, transaction, or occurrence," set forth in the dismissed constructive trust claim, they would not relate back, *see* FED. R. CIV. P. 15(c)(1)(B), and it is difficult to believe that they would not be time-barred.

(Citibank Judgment,¶ I.E (emphasis added).)

The quoted language did not give the Liquidators the right to assert the New Constructive Trust Claims and the Court did not contemplate such a result when it "so ordered" the Stipulated Judgments.  The redemption claims based on contract and common law were being dismissed so that the parties could prosecute the legal issues decided in *Fairfield* before the District Court, leaving only the BVI Avoidance Claims for further consideration by this Court in the Twelve Actions.  Further amendments to the Proposed Amended Complaint referred to the Proposed Amended Complaint that survived the dismissal motion stripped of the removed Proposed Common Law Claims.  Thus, the Liquidators would have to seek leave if they wanted to amend the BVI Avoidance Claims, the only surviving claims.  The Liquidators' interpretation that they could seek to amend any of the claims they agreed to dismiss with prejudice would render the dismissal with prejudice meaningless.[7]

The Liquidators cite two cases to support their argument that the Court is not divested of jurisdiction to grant the *Motion*, (*see Opposition* at 11), but both are distinguishable.  In *Alabama Education Association v. Bentley*, No. CV-11-S-761-NE, 2012 WL 13180515 (N.D. Ala. Apr. 6, 2012), the Court granted a preliminary injunction prohibiting the enforcement of an Alabama law that allegedly discriminated against the

---

[7]     The Stipulated Judgment *Fairfield Sentry Ltd. v. FS/Fortis Bank Luxembourg*, Adv. Pro. No. 11-01242 (SMB) (ECF # 44) includes language in ¶ I.E that refers to the possibility that the Liquidators may seek "to further amend the Proposed Amended Complaint to add new factual allegations *or causes of action*." (Emphasis added.)  The Liquidators do not contend that the parties intended something different in that case and have offered no explanation for the reference to "cause of action."  For the reasons noted in the text, *supra*,  it cannot be construed to include causes of action that were dismissed with prejudice because that would defeat the purpose of specifying the dismissal "with prejudice" and the certification for purposes of an immediate appeal.

- 18 -

plaintiffs.  The Court held that the plaintiffs were likely to succeed on their theories that
the Act was void for vagueness and overbreadth, but not on their theory that the Act
imposed "unconstitutional conditions."  *Id.* at *1.  The defendants filed an appeal and
the plaintiffs sought leave to take discovery on the issues they had raised that were not
implicated in the appeal.  Rejecting the defendants' divestiture argument, the District
Court observed that under Eleventh Circuit law, an appeal from the grant or denial of a
preliminary injunction should not ordinarily delay the trial and does not transfer the
entire cause to the appellate court.  *Id.* at *2.  Consequently, the Court permitted the
plaintiffs to take discovery on collateral issues outside of the appeal.  *Id.* at *3.  The
instant proceedings do not involve an appeal from an order granting or denying a
preliminary injunction or the exception to the divestiture rule applied in that situation.

In *Jones v. Metropolitan Life Insurance Company*, No. C-08-03971-JW DMR,
2010 WL 4055928 (N.D. Cal. Oct. 15, 2010), the plaintiff sued to recover long-term
disability benefits.  The parties had mediated the dispute unsuccessfully, and the
plaintiff's attorney disclosed confidential mediation communications in the course of the
ensuing proceedings.  *Id.* at *1-2.  After the Court granted the defendants' motion for
summary judgment and entered a final judgment, the defendants continued to press
their pending motion to strike the offending filings that contained the confidential
mediation communications.  The District Court ruled that it was not divested of
jurisdiction over the motion to strike citing three reasons: it had expressly reserved
jurisdiction over the motion to strike when it entered final judgment, the resolution of
the motion to strike was collateral to the appeal and the issues in the case and the
District Court had expressly stated that it had not relied on the confidential statements

in deciding the summary judgment motion; in fact, two of the documents at issue were not even part of the parties' summary judgment motions. *Id.* at *5. In contrast, this Court did not reserve any aspect of the Common Law Claims because the Liquidators agreed to dismiss their Common Law Claims with prejudice and remove them from the more limited amended complaint that they were granted leave to file.[8]

Accordingly, the New Constructive Trust Claims are precluded by *res judicata*, the Court is divested of jurisdiction in light of the pending appeals to grant the *Motion* and the Liquidators must set aside the Stipulated Judgments to assert the New Constructive Trust Claims.

## B.    Motion to Vacate Under Rule 60(b)

Where the plaintiff seeks to amend the complaint following a judgment dismissing the complaint without also seeking to set the judgment aside, the Court may treat the motion for leave to amend as a simultaneous motion under Rule 60(b) for relief from judgment with respect to the complaint they seek to amend. *See Faryniarz v. Ramirez*, 62 F. Supp. 3d 240, 246 (D. Conn. 2014) ("Where, as here, a party files an amended complaint after final judgment has been entered on its original complaint, without bringing motion under Rule 60(b) or 59(e) ... the Second Circuit treats the Rule 15(a) ... motion as a simultaneous motion to vacate the judgment on the original complaint.") (internal citations omitted); *F.D.I.C. v. Weise Apartments,* 192 F.R.D. 100,

---

[8]        The Liquidators also cite *In re Prudential Lines,* 170 B.R. 222 (S.D.N.Y. 1994). There, certain insurers argued that the Bankruptcy Court was divested of jurisdiction to enter an order enforcing an earlier order that was on appeal. The District Court disagreed, noting "that while an appeal of an order or judgment is pending, the court retains jurisdiction to implement or enforce the order or judgment. . . . because in implementing an appealed order, the court does not disrupt the appellate process so long as its decision remains intact for the appellate court to review." *Id.* at 243 (citation omitted). The Liquidators are not seeking to implement or enforce an existing order.

103 (S.D.N.Y. 2000) (where "a party files an amended complaint after final judgment has been entered on its original complaint, without bringing motion under Rule 60(b) or 59(e), F.R. Civ. P., the Second Circuit treats the Rule 15(a), F.R Civ. P. motion as a simultaneous motion to vacate the judgment on the original complaint."). The Liquidators ask the Court to treat the *Motion* as one to vacate the Stipulated Judgments pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and issue an indicative ruling pursuant to Bankruptcy Rule 8008(a)(3)[9] stating that the Court would grant the *Motion* in the Twelve Actions if the appellate court remanded for that purpose.

Rule 60(b) authorizes a court to relieve a party from a final judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). A party seeking relief from a stipulation that dismisses an action bears a heavy burden of proof. *Nemaizer v. Baker,* 793 F.2d at 63 ("When the parties

---

[9]    Bankruptcy Rule 8008(a) provides:

If a party files a timely motion in the bankruptcy court for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the bankruptcy court may: (1) defer considering the motion; (2) deny the motion; (3) or state that the court would grant the motion if the court where the appeal is pending remands for that purpose, or state that the motion raises a substantial issue.

FED. R. BANKR. P. 8008(a). Bankruptcy Rule 8008 is adapted from Rule 62.1 of the Federal Rules of Civil Procedure, which provides district courts with the same slate of options as Bankruptcy Rule 8008.

submit to an agreed-upon disposition instead of seeking a resolution on the merits, however, the burden to obtain Rule 60(b) relief is heavier than if one party proceeded to trial, lost, and failed to appeal."); *Prince of Peace Enters., Inc. v. Top Quality Food Market, LLC,* No. 07–CV–0349 (LAP)(FM), 2012 WL 4471267, at \*2 (S.D.N.Y. Sept. 21, 2012) ("Moreover, in a Rule 60(b) motion, '[a] movant's burden is even more formidable where the movant has made a deliberate choice to enter into a settlement agreement as opposed to having litigated the case on the merits and lost.'") (quoting *Rand Int'l Leisure Prods., Ltd. v. TekSource, L.C.,* No. 97 CV 0319, 1998 WL 372356 at \*1 (E.D.N.Y. July 2, 1998)); *Hsi v. Bank of Montreal*, No. 95 Civ. 2806 JESKNF, 1999 WL 504915, at \*4 (S.D.N.Y. July 16, 1999) ("A party seeking Rule 60(b)(1) relief from a stipulation agreement must meet a very heavy burden of proof.")  Here, the parties agreed to the Stipulated Judgments, which included dismissals with prejudice and Rule 54(b) certifications, because the Liquidators intended to appeal from *Fairfield*, and the Defendants wanted to be able to participate as parties in those appeals.  (Citibank Judgment at 5.)

The Liquidators rely on "excusable neglect" under Rule 60(b)(1).  They say they agreed to dismiss the constructive trust claims in the Twelve Actions with prejudice because they had no reason to believe at the time that they could allege the Defendants' knowledge.  (*Opposition* at 19) ("The Liquidators therefore made a good faith attempt to limit the Defendants designated as Knowledge Defendants based on their assessment as of that time.  It was only later, as the Liquidators continued to research the knowing receipt standard articulated by [*Fairfield*] and completed verification of the Trustee's allegations, that the Liquidators acquired the requisite degree of confidence that the

New Knowledge Defendants in the Twelve Actions—just like the Defendants in the
Seventeen Actions—acted with sufficient bad faith to warrant imposition of a
constructive trust.")

Claims of excusable neglect are typically analyzed under the test announced in
*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) which
called for consideration of the following four factors:

> the danger of prejudice to the debtor, the length of the delay and its
> potential impact on judicial proceedings, the reason for the delay,
> including whether it was within the reasonable control of the movant, and
> whether the movant acted in good faith.

*Id.* at 395.  I agree that the Defendants will not be prejudiced and granting the motion
will not adversely impact or delay these adversary proceedings.  Furthermore, the
Liquidators' good faith is not in issue.  While these three factors weigh in favor of
vacating the Stipulated Judgments, the remaining factor, "the reason for the delay,
including whether it was within the reasonable control of the movant," is the most
important.  *See Midland Cogeneration Venture Limited Partnership v. Enron Corp.* (*In
re Enron Corp.*), 419 F.3d 115, 123 (2d Cir. 2005).

Unlike *Pioneer*, which involved a missed bar date, and similar cases that involve
missed deadlines, the Liquidators did not miss a deadline.  Instead, they made a
voluntary decision to dismiss their constructive trust claims with prejudice.  Initially,
they have not met their heavy burden. The facts in support of their excusable neglect
claim are contained in an unsworn memorandum of law and are too general.  The
Liquidators' opposition merely states:

> [*Fairfield*] . . . not only radically altered the Liquidators' theory underlying
> their constructive trust claims by prohibiting reliance on Citco's bad faith,

> but also required the Liquidators to undertake an intensive investigation of the bad faith allegations against each individual Defendant. While the Liquidators had access to the [SIPA] Trustee's publicly-filed pleadings, . . . the Liquidators were obligated under both American and BVI law to verify the allegations therein. The Liquidators plainly could not complete this time-intensive process before filing the Settled Orders—those orders were to implement [*Fairfield*], a process the Local Bankruptcy Rules envision is completed within fourteen days.

(*Opposition* at 18-19.)

The Liquidators do not describe in any more detail what their "intensive investigation" involved. They concede that they had the benefit of the SIPA Trustee's own pleadings against many of the same Redeemers, sued as subsequent transferees pursuant to 11 U.S.C. § 550(a)(2), in which the SIPA Trustee was required to allege their actual knowledge of the BLMIS Ponzi scheme or their willful blindness to it. *See Picard v. Legacy Capital Ltd.* (*In re BLMIS*), 548 B.R. 13, 38 (Bankr. S.D.N.Y. 2016). Furthermore, the Liquidators agreed to pay the SIPA estate 15% of the net recoveries in their litigations against the Redeemers pursuant to a settlement agreement between the Liquidators and the SIPA Trustee. (*See* the Settlement Agreement, dated May 9, 2011, at ¶ 4, attached as Exhibit B to the *Declaration of Kenneth Krys in Support of Foreign Representatives' Reply in Further Support of Motion Pursuant to 11 U.S.C. §§ 363(b)(1) and 1520(a)(2) for an Order Approving the Assignment of the Debtors' Claims Against Fairfield Greenwich Group and Related Parties to the Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC in Connection with the Global Settlement Agreement*, dated July 8, 2016 (Case no. 10-13164 (SMB) Doc. # 817).) The SIPA Trustee had every incentive to assist the Liquidators with the investigation of facts supporting their allegations of knowledge.

But even if I accepted the bare statements in their legal memorandum, *Nemaizer v. Baker*, 793 F.2d 58, a pre-*Pioneer* decision, illustrates why the Liquidators' motion to vacate the Stipulated Judgments must fail.  The Court has already discussed the facts of *Nemaizer*.  After the Second Circuit concluded that the plaintiffs must vacate the prior judgment to assert theirs new claim under ERISA, the Court turned to that issue. It explained that "[t]he legal consequences of a stipulation incorporated in a court order may not be undone simply because, with the benefit of hindsight, stipulating turns out to have been an unfortunate tactic." *Id.* at 59-60.

> Mere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief. . . .  More particularly for our purposes, an attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment. . . .  [A]n attorney's actions, whether arising from neglect, carelessness or inexperience, are attributable to the client, who has a duty to protect his own interests by taking such legal steps as are necessary. . . .  To rule otherwise would empty the finality of judgments rule of meaning.

*Id.* at 62-63 (internal citations omitted).

Here, there was no "mistake, inadvertence, surprise, or excusable neglect."  First, although the Liquidators suggest that they were under a time pressure to craft orders consistent with *Fairfield* within fourteen days of the decision, (*Opposition* at 19), the Court granted several extensions of time to submit the orders.

Second, the issue of the Redeemers' knowledge was raised by the Liquidators years earlier, so they knew it was important.  Prior decisions of the Privy Council, particularly *Fairfield Sentry Ltd.* (*In Liquidation*) *v. Migani*, [2014] UKPC 9 ("*Migani*"), had ruled that the payment of the redemption price, even a payment based

- 25 -

on an inflated NAV, discharged the Fund's obligation under its Articles of Association, and the redeeming member gave good consideration by surrendering its shares in the Fund. *See Fairfield,* 596 B.R. at 288. At a July 2016 conference, the Liquidators' counsel told the Court that Mr. Picard, the SIPA Trustee, had already alleged that at least some of these Redeemers, also sued by Mr. Picard as subsequent transferees, had knowledge of the Madoff fraud and the same knowledge would preclude those Redeemers from arguing that they had given good consideration for the surrender of their shares:

> MR. MOLTON:   . . . . Now, why is this important? And these are, Your Honor, again, some of the largest financial institutions. And Your Honor is familiar no doubt — will be familiar with these knowledge allegations because they're similar allegations that Mr. [Picard] and his team has raised against the very same major financial institutions in connection with his litigation pending here. Now, these knowledge allegations are important in terms of privy council decision because it's the advice that if a defendant has knowledge. . . we're out of the privy council, notwithstanding the Citco good faith issue.
>
> THE COURT:    Knowledge of what? That the NAVs are inflated?
>
> MR. MOLTON: Yeah. Knowledge of the Madoff fraud and that the NAVs were inflated. . . . .

(Tr. of Hr'g, held July 27, 2016, at 34:22-35:11 (ECF Doc. # 906).)

The question came up again in late 2017 and early 2018 shortly after the Privy Council decided *DD Growth Premium 2X Fund v. RMF Mkt. Neutral Strategies (Master) Ltd.*, [2017] UKPC 36 ("*DD Growth* "). *DD Growth* enunciated the principle that a constructive trust claim would lie against a Knowledge Defendant, *i.e.*, a Redeemer that knew that the directors had breached their duty by authorizing a redemption payment at an inflated price. *See id.* at ¶ 64. The Redeemers' counsel wrote to the Court, arguing "the Privy Council held that the 2X Fund could not recover

- 26 -

through a constructive trust unless the redeemers *knew* that the redemption payments

they received were the result of *wrongdoing by the 2X Fund or its directors.*" (Letter

from Thomas J. Moloney, Esq. to Hon. Stuart M. Bernstein, dated Dec. 22, 2017

(emphasis in original) (ECF Doc. # 1608).) The Liquidators' response argued, for the

most part, that the pending omnibus motion to dismiss should nevertheless be denied

but acknowledged that "the [Privy Council's November 2017] decision in *DD Growth*

confirms that 'good consideration' is not a defense … where the defendant has

knowledge of the misconduct." (Letter from David J. Molton, Esq. to Hon. Stuart M.

Bernstein, dated Jan. 10, 2018, at 2 n.6 (citing and quoting from *DD Growth* ¶ 64) (ECF

Doc. # 1611).) The Court relied on and quoted from the same ¶ 64 in *DD Growth* in

concluding that the constructive trust claim would lie only against Knowledge

Defendants who were aware of the inflated redemption price. *Fairfield*, 596 B.R. at 297.

Third, the argument that the Liquidators could not allege the Defendants'

knowledge in good faith at the time of the Stipulated Judgments is unconvincing. The

Liquidators already had the information needed to allege imputed knowledge when they

entered into the Stipulated Judgments. Exhibit A to the *Elsberg Declaration* shows the

relationship between the Defendants and the Knowledge Defendants in order to support

an argument for imputing knowledge. For example, six of the Fortis Defendants are

part of the same corporate enterprise as Knowledge Defendant Fortis Bank, SA/NV, and

each of the remaining Defendants is part of the same corporate enterprise as at least one

Knowledge Defendant. The Liquidators rely on Exhibit A to argue that the knowledge of

the Knowledge Defendants may be imputable to the Defendants. (*Opposition* at 11-12)

("There is significant overlap between the knowledge allegations against each of the New

Knowledge Defendants and at least one Prior Knowledge Defendant due to shared membership in certain corporate enterprises. . . . [T]his Court would need to decide imputation of knowledge among members of a corporate enterprise. . . .")  The Liquidators obviously knew about the corporate relationships when they stipulated to dismiss the Common Law Claims asserted in the Twelve Actions.

Fourth, the Liquidators could have negotiated Stipulated Judgments in the Twelve Actions, as they did in other adversary proceedings, that reserved the right to amend their constructive trust claims.  They certainly knew after *Fairfield* if not before that the Redeemers' knowledge was critical to those claims.  Yet knowing as they now claim that they did not have enough time to adequately investigate the extent of the Defendants' knowledge, they still "expressly, knowingly, and voluntarily" entered into Stipulated Judgments, (Citibank Judgment, ¶ I.I), that dismissed their constructive trust claims with prejudice.

The problem the Liquidators face is one of their own making which, in hindsight, they regret.  Accordingly, the Liquidators have failed to show excusable neglect to justify vacating the Stipulated Judgments.

## C.      Deferral Pursuant to Bankruptcy Rule 8008

As an alternative to issuing an indicative ruling that the Court would set aside the Stipulated Judgments in the Twelve Actions, the Liquidators argue that the Court should defer ruling on the *Motion.  See* FED. R. BANKR. P. 8008(a)(1).  The decision whether to defer, deny or issue an indicative ruling is within the Court's discretion.  *See LFoundry Rousset, SAS v. Atmel Corp.*, 690 F. App'x 748, 750 (2d Cir. 2017) (summary

order) (holding the district court properly exercised its discretion in deferring

consideration of post-judgment motions on appeal and ultimately denying those

motions as moot following the appeal); *Shukla v. Sharma*, No. 07-CV-2972 CBA CLP,

2014 WL 4437278, at *3 (E.D.N.Y. Sept. 9, 2014) (acknowledging that courts in the

Second Circuit routinely exercise their discretion to deny meritless motions to vacate a

judgment while that judgment is on appeal).

The Liquidators argue that the Court should defer ruling on the *Motion* until it

can consider all of the adversary proceedings encompassed by the *Motion*.  The decision

as to the other adversary proceedings has been deferred pending the resolution of the

Threshold Issues identified by the Court.  The Liquidators contend that deferral would

(i) preserve the division between proceedings in this Court regarding a particular

defendant's bad faith and the appellate court proceedings regarding Citco's bad faith;

(ii) avoid the costs of litigating overlapping knowledge allegations against the

Knowledge Defendants and Defendants who share membership in various corporate

entities; and (iii) preserve the Court's resources by avoiding a decision regarding the

divestiture rule if the pending appeal is resolved during the period the *Motion* is

deferred.   (*Opposition* at 13-15.)  In support, they cite *Ret. Bd. Of Policemen's Annuity

& Benefit Fund of City of Chicago v. Bank of New York Mellon*, 297 F.R.D. 218

(S.D.N.Y. 2013).

There, the District Court dismissed the plaintiffs' class action allegations for lack

of standing based on their failure to allege that they had invested in the securities at

issue.  The plaintiffs appealed the dismissal to the Second Circuit.  While their appeal

was pending, they moved in the District Court to amend their complaint, based in part

on newly-discovered evidence and in part on the clarification of the law of standing by the Second Circuit, to bolster insufficient class action allegations. Notably, the parties agreed that the District Court lacked jurisdiction to grant Plaintiffs' motion to amend because it raised issues previously decided and currently on appeal. *Id.* at 221.

The District Court then considered whether it should issue an indicative ruling under Federal Civil Rule 62.1 but declined, deferring consideration of the motion to amend until the conclusion of the appeal. The District Court viewed an indicative ruling as a motion to reconsider its decision to dismiss a class action complaint for lack of standing. *Id.* at 221. "In effect, Plaintiffs are requesting this Court to inform the Second Circuit it believes its own opinion should be reversed." *Id.* The District Court reasoned that the appeal involved a pure issue of law and the Second Circuit did not need it to explain its own precedent. *Id.* at 222. Furthermore, an indicative ruling that resulted in a remand would not result in an efficient resolution of the case. Other issues involved in the appeal would still have to be resolved before the case could proceed. *Id.* Finally, it was more efficient for the Second Circuit to decide the legal issue rather than remand it to the District Court, and then appeal the District Court's decision on the same issue to the Second Circuit. *Id.* at 222-23. "Far from obviating the current appeal, proceeding with only a district court decision on class standing would not terminate the current appeal and would have the potential for spawning future appeals." *Id.* at 223.

*Bank of New York Mellon* is inapposite. The Liquidators are not asking this Court to reconsider its earlier decision that the imposition of a constructive trust requires proof that the Defendant rather than Citco knew that the redemption price was inflated. Instead, the Court's decision that it is divested of jurisdiction to grant (or deny)

the *Motion* is based on the *res judicata* effect of the dismissal with prejudice and the absence of excusable neglect to vacate the Stipulated Judgments.  These issues are not before the District Court and do not concern the sufficiency of the knowledge allegations, the question that the Court will have to decide in the other adversary proceedings covered by the *Motion*.

For the reasons stated, the Court concludes that it is divested of jurisdiction to grant the *Motion* and accordingly, it is denied.  The Court has considered the Liquidators' remaining arguments and concludes that they lack merit.  Submit orders in each of the Twelve Actions.

Dated:   New York, New York
         August 10, 2020


                                    /s/ *Stuart M. Bernstein*
                                       STUART M. BERNSTEIN
                                    United States Bankruptcy Judge